FRANCISCO MÚJICA DUEÑO, demandante y apelado, *v.* CASIMIRO MÁRQUEZ DÍAZ y FERNANDO LÓPEZ, demandados y apelantes.

No. 5079.—*Sometido:* Abril 24, 1930. *Resuelto:* Diciembre 10, 1930.

*González Fagundo & González Jr.*, abogados de los apelantes; *C. García de la Noceda*, abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Francisco Mújica demandó a Casimiro Márquez y a Fernando López en cobro de un mil dólares que se comprometieron a satisfacerle, haciendo constar su obligación en un pagaré, el primero como principal y el segundo como fiador solidario y principal pagador. La demanda contiene las alegaciones de ley y en ella se transcribe la obligación reclamada.

Los demandados contestaron aceptando la existencia de la obligación pero alegando como defensa especial lo que sigue:

"Que allá para el día 28 de agosto de 1926 el demandado Casimiro Márquez como principal y Fernando López como fiador suscribieron y entregaron al demandante el pagaré que se inserta en el hecho segundo de esta demanda, y con posterioridad pero el mismo día, Casimiro Márquez como principal suscribió y entregó a Francisco Mújica Dueño, el demandante, otro pagaré por la suma de $2,000.00 haciendo ambas cantidades un total de $3,000.00 y con fecha 15 de septiembre de 1927 el demandante que tenía en su poder 140 quintales y 70 libras de tabaco en rama, propiedad de Casimiro Márquez, lo compró por el precio de $2,633.63 que abonó a cuenta de los dos pagarés antes referidos quedando a deber el señor Márquez, la suma de $377 del segundo pagaré."

Trabada así la contienda, fué el pleito a juicio, practi-

cando prueba ambas partes. La corte dictó séntencia condenando a los demandados a pagar la suma de un mil dólares reclamada, pero debiendo el demandante abonar $533.63, remanente que resultó a favor del demandado Márquez de los $2,633.63, producto del tabaco que entregara al demandante, todo sin especial condena de costas.

No conformes los demandados interpusieron este recurso de apelación, señalando como error único el cometido a su juicio por la corte de distrito al aplicar indebidamente los artículos 1140, 1141 y 1142 del Código Civil Revisado.

La prueba demostró la existencia no sólo de los dos pagarés a que se refieren las alegaciones, si que también la de otro de mil dólares suscrito mancomunadamente por los demandados y por Avelino Márquez, pagado en parte, y la de una negociación de tabaco entre el demandado Márquez y el demandante por valor de $2,633.63. La diferencia entre las partes surgió y subsiste sobre la aplicación de los $2,633.63 al pago de la deuda, hecha constar, como se ha dicho, en tres obligaciones separadas.

El pagaré por mil dólares que se cobra en la demanda aparece suscrito por ambos demandados: Márquez, principal; López, fiador solidario y principal pagador. Se firmó el 28 de agosto de 1926, para vencer el 30 de mayo de 1927. Intereses al doce por ciento anual.

El otro pagaré por mil dólares aparece suscrito por los demandados Márquez y López, y, además, por Avelino Márquez, mancomunadamente. Se firmó el 1 de noviembre de 1926 para vencer el 15 de mayo de 1927. Intereses al doce por ciento anual. A la fecha del juicio estaba pagado en parte, sin que pueda determinarse con exactitud de la prueba lo que restaba por satisfacer.

Y el tercer pagaré, o sea el de dos mil dólares, aparece suscrito únicamente por el demandado Márquez. Se firmó el 28 de agosto de 1926 para vencer el 30 de abril de 1927. Intereses al doce por ciento anual.

La liquidación del tabaco entregado por el demandado

Márquez al demandante consta en documento fechado el 15 de septiembre de 1927. Produjo $2,633.63 a favor del demandado Márquez.

Sobre los anteriores hechos no hay contienda. Apreciando la evidencia en relación con los hechos controvertidos, correctamente, a nuestro juicio, dijo el juez sentenciador:

"La prueba con respecto a la imputación de pago hecha por el deudor es un todo contradictoria pues si bien de los autos aparece una carta dirigida por el deudor al acreedor determinando la obligación a la cual debía aplicarse el pago, dicha carta es de fecha 8 de octubre posterior a la interposición de la demanda y en ella se hace constar que la obligación que se reclama en este pleito garantizada por Fernando López es la que venció primero, cuando esto no es cierto, según aparece de las propias obligaciones sin que aparezca demostrado tampoco a nuestra satisfacción que verbalmente hubiese determinado el deudor al acreedor la obligación u obligaciones a las cuales quería hacer la imputación de pago."

En esas condiciones, concluyó el juez que no cabía aplicar el artículo 1140 del Código Civil que dice:

"Artículo 1140. El que tuviere varias deudas de una misma especie en favor de un solo acreedor, podrá declarar al tiempo de hacer el pago, a cuál de ellas debe aplicarse.

"Si aceptare del acreedor un recibo en que se hiciese la aplicación del pago, no podrá reclamar contra ésta, a menos que hubiera mediado causa que invalide el contrato."

Estimó que el caso se regía por el párrafo primero del artículo 1142, que prescribe:

"Cuando no pueda imputarse el pago según las reglas anteriores, se estimará satisfecha la deuda más onerosa al deudor entre las que estén vencidas."

Dilucidado esto, concluyó el juez que la obligación más onerosa era la de dos mil dólares "por su mayor cuantía y por su mayor pago de intereses." Concluyó, además, que era preferente a las otras por haber vencido antes.

En cuanto a las obligaciones de mil dólares, concluyó que la más onerosa era la reclamada en este pleito porque estaba

suscrita por Márquez solamente con la garantía de López, mientras que la otra la suscribía Márquez mancomunadamente con dos personas más.

Y basándose en todo ello, dictó la sentencia que conocemos, aplicando los $2,633.63 al pago total de la obligación de dos mil e intereses y el resto a la de mil reclamada en este pleito.

Estamos enteramente conformes con la apreciación de la prueba por parte del juez sentenciador en cuanto a que no consta que el acreedor al tiempo de hacer el pago declarara a cuál de las obligaciones debía imputarse. No lo estamos en cuanto a la aplicabilidad del párrafo primero del artículo 1142.

Hemos examinado los pagarés, y en todos el interés que se fija es el mismo. Las tres obligaciones estaban vencidas cuando se practicó la liquidación. Son de igual naturaleza la reclamada en este pleito y la invocada en la contestación, siendo Márquez principal deudor en ellas. La que surgió de la prueba, es solamente mancomunadamente y no se puede fijar con precisión a cuánto alcanza. Debe descartarse.

Concretado el caso a las dos obligaciones de igual naturaleza y gravamen, se rige por el segundo párrafo del citado artículo 1142 del Código Civil, que dice:

"Si éstas fueran de igual naturaleza y gravamen, el pago se imputará a todas a prorrata."

El deudor trató de probar que de acuerdo con la facultad que le confiere la ley, él dijo, al tiempo de hacer el pago, que la primera deuda que debía satisfacerse era la consignada en el pagaré que se reclama en este pleito. Al contrario, el acreedor trató de sostener que él dió recibo aplicando el dinero de Márquez a los otros dos pagarés, quedando en todo su vigor el reclamado aquí. Ni uno ni otro extremo se comprobaron satisfactoriamente y el caso quedó como si ni el deudor ni el acreedor hubieran fijado clara y firmemente, a tiempo, su línea de conducta a seguir. Interviene entonces el legislador y ordena que el pago se haga a prorrata.

*La sentencia debe revocarse y ordenarse que la cantidad de $2,633.63 se aplique proporcionalmente al pago de la deuda de mil dólares reclamada en la demanda y sus intereses, y de la otra deuda de dos mil dólares del demandado Márquez al demandante Mújica y sus intereses. Cada parte pagará sus costas.*